IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| K.O. by and through his parent and guardian J.O. on behalf of a class of those similarly situated, | Civil No. 0:21-cv-01837-PJS-ECW **AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Plaintiffs, | |
| vs. | |
| Heather Mueller in her capacity as the Commissioner of the Minnesota Department of Education, State of Minnesota. | |
| Defendants. | August 12, 2021 |

**AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, on their own behalf and on behalf of a class of those similarly situated, alleges as follows against the Minnesota Department of Education ("MDE"), an agency of the State of Minnesota.

**INTRODUCTION**

1. This is a class action to establish the rights of Plaintiff K.O. and the class he seeks to represent to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA").

2. Plaintiff K.O. is an individual with a disability who turned 21 years old in June 2020. He was provided a FAPE under the IDEA by Intermediate School District #287's Ann Bremer Education Center in Brooklyn Center, Minnesota, but as of the end of the extended school year (ESY) program on July 24, 2020, was denied such an education because he had exceeded the

age cutoff for a FAPE under Minn. Stat. § 125A.03(b) on July 1, 2020—more than 300 days before he turned 22 years old.

3. Plaintiff K.O., a resident of Minnesota, sues through his mother and guardian, Plaintiff J.O., because of his intellectual disabilities.

4. Plaintiff J.O. is the parent and guardian of Plaintiff K.O.

5. Plaintiff K.O. sues under a pseudonym because this Complaint discloses specific information about his disabilities; information as to which he has right of privacy. Plaintiff J.O. sues under a pseudonym because disclosure of her identity would necessarily disclose the identity of Plaintiff K.O.

6. The termination of a FAPE to Plaintiff K.O. was pursuant to a statute that affects only students with disabilities. Minn. Stat. § 125A.03(b) provides in relevant part that ". . . special instruction and services must be provided from birth *until July 1 after the child with a disability becomes 21 years old . . . .*" (Emphasis added).

7. Under the IDEA, Plaintiff K.O. is and was entitled to receive a FAPE until the age of 22. 20 U.S.C. § 1412(a)(1)(B).

8. Plaintiff K.O. would meaningfully benefit from additional special education and related services under the IDEA.

9. Plaintiff R.S. is an individual with a disability who is presently 19 years old. He is receiving special education services past age 18 through his resident district in Marshall, Minnesota.

10. Plaintiff R.S. sues under a pseudonym because this Complaint discloses specific information about his disabilities; information as to which he has right of privacy.

11. Under the IDEA, Plaintiff R.S. is currently entitled to receive a FAPE until the age of 22. 20 U.S.C. § 1412(a)(1)(B). His eligibility for special education services under Minnesota

Statue § 125A.03(b) would be ended prior to his 21st birthday, in contravention of IDEA. Minn. Stat. § 125A.03(b) provides in relevant part that ". . . special instruction and services must be provided from birth *until July 1 after the child with a disability becomes 21 years old . . . .*" (Emphasis added).

12. Plaintiff R.S. would meaningfully benefit from additional special education and related services under the IDEA until his 21st birthday.

13. Plaintiff A.C. is an individual with a disability who is presently 20 years old. She is receiving special education services past age 18 through her resident school district in Farmington, Minnesota.

14. Plaintiff A.C. sues under a pseudonym because this Complaint discloses specific information about her disabilities; information as to which she has right of privacy. Plaintiff D.C and J.C., A.C.'s parents and legal guardians, sue under pseudonyms because disclosure of their identities would necessarily disclose the identity of Plaintiff A.C.

15. Under the IDEA, Plaintiff A.C. is currently entitled to receive a FAPE until the age of 22. 20 U.S.C. § 1412(a)(1)(B). Her eligibility for special education services under Minnesota Statue § 125A.03(b) would be ended prior to her 21st birthday, in contravention of IDEA. Minn. Stat. § 125A.03(b) provides in relevant part that ". . . special instruction and services must be provided from birth *until July 1 after the child with a disability becomes 21 years old . . . .*" (Emphasis added).

16. Plaintiff A.C. would meaningfully benefit from additional special education and related services under the IDEA until her 21st birthday.

17. As set forth below, State Defendant MDE's denial of any further education to Plaintiffs K.O., R.S. and A.C. violates the IDEA and Minn. Stat. § 125A.03(b) is accordingly unenforceable as contrary to federal law.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over Plaintiffs' claims and the parties pursuant to 28 U.S.C. § 1331 because such claims arise under federal law, specifically the IDEA, 20 U.S.C. § 1400 *et seq*.

19. This Court has jurisdiction to award declaratory, preliminary, and permanent injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. Proc. Rule 65.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the State Defendant MDE resides in this district and the events and omissions giving rise to Plaintiffs' claims occurred in this district.

21. Exhaustion of administrative remedies is not required before this Court may exercise jurisdiction over Plaintiffs' claims. The Eight Circuit Court of Appeals has held that "there are three exceptions to the exhaustion requirement: (1) futility, (2) 'inability of the administrative remedies to provide adequate relief,' and (3) 'the establishment of an agency policy or practice of general applicability that is contrary to law.'" *J.M. v. Francis Howell Sch. Dist.,* 850 F.3d 944, 950 (8th Cir., 2017), quoting *J.B. v. Avilla R-XIII Sch. Dist.*, 721 F.3d 588, 594 (8th Cir. 2013). While the Eight Circuit Court of Appeals has ruled that "exhaustion would have allowed the agency to develop the record for judicial review" and that therefore such proceedings are not futile, Plaintiff J.O. established a record for judicial review by attending a meeting with Ann Bremer Education Center prior to the termination of Plaintiff K.O.'s services. *Id.* at 594-595, as set forth in paragraphs 17-19 of this complaint. Since a record for judicial review has been established, and it would be otherwise futile to ask the MDE to ignore a state law, the futility exception has been met.

## THE PARTIES

22. Plaintiff K.O. is 22-years old and resides in Crystal, Minnesota. His resident school district under Minnesota law is Robbinsdale Public School District, but K.O. was open enrolled pursuant to state law in Osseo Public School District while he received special education services. Osseo Public School District uses Intermediate School District 287 to deliver certain special education services. K.O. attended Ann Bremer Education Center in District 287 and he received a FAPE pursuant to the IDEA there prior to the termination of special education services.

23. Plaintiff K.O. has been diagnosed as having an intellectual disability. He has been diagnosed with Prader-Willi Syndrome and Autism Spectrum Disorder. His Individualized Education Plan (IEP) lists his primary disability as Severely Multiply Impaired (SMI).

24. Plaintiff K.O. anticipated graduating from the Osseo Public School District in 2021.

25. On May 15, 2020, Ann Bremer Education Center sent Plaintiff K.O. and Plaintiff J.O. a prior written notice (PWN) stating that a technical error had been made in his anticipated graduation date, and that the date had been changed to July 24, 2020, pursuant to Minn. Stat. § 125A.03(b). This left Plaintiff J.O. with only 70 days to coordinate care for Plaintiff K.O.

26. Plaintiff J.O. rejected the PWN and attended a conciliation conference with Plaintiff K.O.'s IEP team on June 18, 2020.

27. Ann Bremer Education Center issued a second PWN on June 30, 2020, restating its intent to terminate Plaintiff K.O.'s services on July 24, 2020.

28. Plaintiff K.O. was removed from Ann Bremer Education Center on July 24, 2020. Under the IDEA, he is entitled to more than 300 days of a FAPE at Ann Bremer Education Center.

29. Plaintiff K.O. needs and would meaningfully benefit from continued special education and related services under the IDEA. Because of his disability, he requires a supportive and structured environment to develop his academic and prevocational skills.

30. Plaintiff K.O. has received a high school diploma.

31. Plaintiff R.S. is an individual with a disability who is presently 19 years old. He is receiving special education services past age 18 through his resident district in Marshall, Minnesota. Historically, he has been diagnosed with an autism spectrum disorder and speech/language disabilities. In the past, he had challenges with academics and behaviors. He has demonstrated significant growth and skills in the past and continues that positive development recently.

32. Plaintiff A.C. is an individual with a disability who is presently 20 years old. She is receiving special education services past age 18 through her resident school district in Farmington, Minnesota. A.C. has a history of being diagnosed with Usher Syndrome (a visual and hearing medical condition), Autism, and Speech Language concerns. A.C. has had needs in the areas of cognitive functioning, communication, reading, math, writing, orientation and mobility skills, and social/emotional/behavioral skills. A.C. has demonstrated significant growth and skills in the past and continues that positive development recently.

33. State Defendant MDE is responsible for providing public education for Minnesota residents, both children and adults. The MDE's responsibilities include the supervision and control of special education and adult education in Minn. Stat. § 120A through 129C. Minn. Stat. § 120A.02(b).

34. Minnesota receives funds under the IDEA for special education. As such, under the IDEA, the MDE is responsible for ensuring that the school districts and education districts under the MDE's supervision and control provide appropriate special education services to Minnesota's residents. Specifically, 20 U.S.C. § 1407 provides that each State that receives IDEA funds must "ensure that any State rules, regulations, and policies relating to this chapter conform to the purposes of this chapter." Similarly, 20 U.S.C. § 1412(11) requires that the State's primary

educational agency "is responsible for ensuring that – (i) the requirements of this subchapter [referring to 20 U.S.C. §§ 1411-1419] are met."

35. Minnesota's state policy is to "develop and implement a coordinated, multidisciplinary, interagency intervention service system for children ages three to 21 with disabilities." Minn. Stat. 125A.023(2).

36. Minnesota school districts and other entities under the MDE's supervision and control provide public non-special adult basic education (ABE) programs. Minn. Stat. § 124D.52(1)(a). Such programs are for "people who do not attend an elementary or secondary school" and offer "academic and English language instruction *necessary to earn a high school diploma or equivalency certificate*." (Emphasis added.) *Id.*

37. However, Minnesota law does not require school districts to offer public special education to adults. "A [school district] board *may* offer, as part of a community education program, a program for adults with disabilities." (Emphasis added.) Minn. Stat. § 124D.19(7). Additionally, such programs are not required to issue high school diplomas or equivalency certificates, unlike the ABE programs available to non-disabled adults in Minnesota.[1]

38. ABE programs for adults without disabilities are free "for participants who are under the age of 21 or unable to pay," but a school board otherwise "*may* adopt a sliding fee schedule based on a family's income." Minn. Stat. § 124D.52(1)(b). The MDE seemingly has chosen to charge no fees, regardless of income, as its website states that ABE "is available

---

[1] Minn. Stat. § 124D.19(7) says that "[programs for adults with disabilities] may include: (1) services enabling the adults to participate in community activities or community education classes; (2) classes specifically for adults with disabilities; (3) outreach activities to identify adults needing services; (4) activities to increase public awareness of the roles of people with disabilities; (5) activities to enhance the role of people with disabilities in the community; and (6) other direct and indirect services and activities benefitting adults with disabilities."

7

statewide at no cost to adult learners." Minnesota Department of Education Website, Adult Basic Education and GED: https://education.mn.gov/mde/fam/abe/.

39.    As set forth below, Minnesota charter schools, school districts, education districts and other entities under the MDE's supervision and control provide public education, including elementary and secondary education, to adults.

## FACTUAL ALLEGATIONS

40.    The IDEA mandates that a "free and appropriate public education" shall be "available to all children with disabilities . . . between the ages of 3 and 21, inclusive . . . ." 20 U.S.C. § 1412(a). Numerous courts have ruled that eligibility under the IDEA for special education and related services ends, therefore, when a student turns 22.[2]

41.    States may limit age eligibility for special education students, however, *only* to the extent it is limited for public education generally:

> The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children—
>
> > (i) aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges . . .

20 U.S.C. § 1412(a)(1)(B).

42.    Thus, under the IDEA, the MDE is obliged to treat special education students the same as general education students with respect to age eligibility.

---

[2] See *K.L. v. Rhode Island Bd. of Educ.*, 907 F.3d 639, 641 (1st Cir. 2018) (the IDEA eligibility continues until a child with disability turns 22); *L.A. Unified Sch. Dist. v. Garcia*, 699 F. 3d 956, 959 (9th Cir. 2012) (eligible children should receive services under the IDEA "until they turn [22].") ; *St. Johnsbury Acad. v. D.H.*, 240 F. 3d 163, 168-169 (2d Cir. 2001) ("the relevant period. . . ends on the last day of [the child's] 21st year (which culminates in his 22nd birthday)."); *Lillbask ex rel. Mauclaire v. State of Conn. Dep't. of Educ.*, 397 F.3d 77, 86 n.4 (2d Cir. 2005) ("A child remains eligible for a [FAPE] under IDEA until his 22nd birthday.").

8

43. Minn. Stat. 125A.03(b) purports to terminate the entitlement of Minnesota residents to a FAPE under the IDEA on July 1 after they turn 21. However, this law cannot do so consistent with 20 U.S.C. § 1412(a)(1)(B) because it applies only to special education students and not to non-special education students.

44. There is no Minnesota law or regulation that imposes an age limitation of 21 on the entitlement to public education for non-special education adults.[3] To the contrary, Minnesota law directs school districts and other entities under the MDE's supervision and control to provide ABE programs to non-special education adults, regardless of their age. Minn. Stat. § 124D.52. Such ABE programs provide non-special elementary and secondary education to adults and include the "instruction necessary to earn a high school diploma or equivalency certificate." Minn. Stat. § 124D.52(1)(a).

45. After special education students turn 21 and lose their FAPE eligibility under Minn. Stat. §125A.03(b), they are only provided community education programs supervised by the MDE. Minn. Stat. §125A.03(7). These programs do not constitute a FAPE, and do not provide the opportunity to earn a "high school diploma or equivalency certificate," which is given to non-special education adults under Minn. Stat. 124D.52(1)(a).

46. In the 2019-2020 academic year, roughly 56,000 adults were enrolled in ABE programs across Minnesota. Website of Minnesota Adult Basic Education: http://mnabe.org/about-abe-in-mn.

47. The State of Minnesota, MDE, charter schools, school districts, education districts, other entities, and the federal government spend millions annually on ABE programs in Minnesota. Minn. Stat. 124D.51-52 provides 89% of ABE funding in the state, which accounted for

---

[3] Access to public schools is removed after the first September 1 after the pupil turns 21. However, the ABE programs constitute public education, as established later in this complaint.

9

$49,145,902 in fiscal year 2019. Website of Minnesota Adult Basic Education, Overview of Adult Basic Education (ABE) in Minnesota: http://mnabe.org/sites/default/files/overview_of_abe_2018.pdf. The federal government paid $6,608,180 towards ABE in Minnesota in the same year. *Id*.

48. As of 2019, thousands of Minnesota adults were enrolled in ABE programs, most of whom were over the age of 22. Of the 60,044 adults who participated in ABE programs between April 2018 and June 2019, 46,392 (77.2%) were over the age of 24.[4] Minnesota Adult Basic Education, Minnesota Adult Education Statewide Performance Report (SRP) – submitted October 2020: http://www.mnabe.org/sites/default/files/statewide_performance_report_spr-mn-2019_printable_pdf_1.pdf.

49. The United States Court of Appeals for the First Circuit has held that a Rhode Island law violated the IDEA by stripping access to a FAPE for disabled students on their 21st birthday. *K.L. v. Rhode Island Bd. of Educ.*, 907 F.3d 639 (1st Cir. 2018). Rhode Island claimed that this provision did not violate the IDEA because its publicly-funded adult education programs—which were created to help adults finish their high school degrees and for which no equivalent existed for disabled persons—did not constitute a "public education." *Id.* at 647-648. That court held that a program constitutes "public education" when there is 1) public funding, 2) a state agency administering or overseeing the program, and 3) the objective of the program is to achieve "a secondary-education level of academic competence." *Id.* at 650. Rhode Island's adult education program met all three criteria, and therefore Rhode Island's age restriction law violated the IDEA. *Id.* at 652.

---

[4] 11,084 were between the ages of 19 and 24. A uniform age distribution would result in 6,650 being 22 years or older within the 19 to 24 age range.

50. Minnesota's ABE system similarly constitutes public education, and indeed its program structures are materially the same to those in Rhode Island. First, both states publicly fund their adult education programs, with Rhode Island providing "[80%] of the total costs" of its adult education programs, while Minnesota funds 89% of its ABE programs. *Id.* at 650; Website of Minnesota Adult Basic Education, Overview of Adult Basic Education (ABE) in Minnesota: http://mnabe.org/sites/default/files/overview_of_abe_2018.pdf. Second, both state education departments oversee and administer these programs. Rhode Island uses "the same state agency that oversees Rhode Island's public school system generally" while the MDE oversees and coordinates both public schools and ABE programs in Minnesota. *K.L. v. R.I. Bd. of Educ.* 907 at 650; Minn. Stat. § 124D.52(1)(a). Third, the primary objective of Rhode Island's adult education program "provides for the education of students to the level of academic proficiency needed to sit for and pass the GED exam or to complete the National External Diploma Program." *K.L. v. R.I. Bd. of Educ.* 907 at 650. Similarly, Minnesota's ABE program offers the "instruction necessary to earn a high school diploma or equivalency certificate." Minn. Stat. § 124D.52(1)(a).

51. Likewise, the United States Court of Appeals for the Ninth Circuit held that a Hawai`i law that limited in-school eligibility of students for public education to age 20 was inconsistent with 20 U.S.C. § 1412(a)(1)(B) because, despite this age restriction, Hawai`i continued to provide non-disabled adults over the age of 20 with public education programs that were in all material respects identical to Minnesota's ABE programs. *E.R.K. v. State of Hawaii Dep't of Educ.*, 728 F.3d 982 (9th Cir. 2013). Hawai`ian students with disabilities did not have access to comparable adult education programs. Therefore, that court ruled that special education students in Hawai`i were entitled to a FAPE under the IDEA until they reached the age of 22. *Id.*

52. The United States Court of Appeals for the Second Circuit held that a Connecticut law violated the IDEA by providing non-disabled adults with access to "secondary school

11

completion programs," with no age limitations, while cutting off FAPE access for disabled students aged 21 or older. *A.R. v. Conn. State Bd. of Educ.*, No. 20-2255, 2021 U.S. App. LEXIS 20212, at *28-29 (2d Cir. July 8, 2021). The court permanently enjoined the law and awarded compensatory education for disabled adults who had been denied a FAPE. *Id.* at 8.

## CLASS ALLEGATIONS

53.     Plaintiff K.O., through Plaintiff J.O., brings this action on his own behalf and on behalf of a class of all those similarly situated pursuant to Rule 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure.  The proposed plaintiff class consists of:

> All individuals who turned 21 within two years before the filing of this action or will turn 21 during the pendency of this action who are provided or were provided a FAPE under the IDEA by any school board subject to the supervision and control of the MDE and who but for their turning 21 would otherwise qualify or would have qualified for a FAPE because they have not or had not yet earned a regular high school diploma ("the Plaintiff Class").

54.     Membership in the Plaintiff Class is so numerous that joinder of all members is impractical. There are hundreds or thousands of Minnesota students who are receiving or have received a FAPE under the IDEA who are, were during the applicable limitations period, or will be between the ages of 21 and 22 and who but for their age would otherwise qualify or would have otherwise qualified for a FAPE.

55.     Common questions of law and fact exist, including the overarching issue of whether Minn. Stat. 125A.03(b) and the MDE's enforcement of that statute as to Plaintiff K.O. and the Plaintiff Class violates the IDEA.

56.     The claim and injury of Plaintiff K.O. is typical of the claims and injuries of the other members of the Plaintiff Class. Plaintiff K.O. was denied any further FAPE based on his age and was injured by this denial as he no longer received a FAPE despite being eligible to receive a FAPE until June 28, 2021, pursuant to the IDEA. This is the same injury that members of the Plaintiff Class have suffered, are suffering, or will imminently suffer unless this Court grants relief.

57. Plaintiff K.O., through Plaintiff J.O., will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs intend to prosecute this action vigorously to secure remedies for the Plaintiff Class. Counsel of record for Plaintiffs are experienced in federal civil rights litigation and class actions, including systemic litigation against state defendants challenging disability discrimination. Jason H. Kim successfully litigated the *K.L.*, *E.R.K.*, and *A.R.* cases, which presented the same issues this case presents.

58. Certification of the Plaintiff Class is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(1) because prosecution of separate actions by individual members of the Plaintiff Class against the MDE may establish incompatible standards of conduct for the MDE. If the claims brought in this action were litigated numerous times, it is possible that some members of the Plaintiff Class would be entitled to greater IDEA benefits than other members of the Plaintiff Class.

59. Certification of the Plaintiff Class is also appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because the MDE has acted or refused to act on grounds that apply generally to the Plaintiff Class and final injunctive or declaratory relief is appropriate for the Plaintiff Class as a whole.

## FIRST CLAIM FOR RELIEF
### (VIOLATION OF THE IDEA)

60. Plaintiffs repeat and reallege each and every allegation above as if fully set forth.

61. Under the IDEA, the MDE is obliged to provide a FAPE to all individuals with disabilities until such individuals reach their 22nd birthday unless to do so would be "inconsistent with State law or practice … respecting the provision of public education to children" in that age range.  20 U.S.C. § 1412(a)(1)(B).

62. Providing students with disabilities in Minnesota a FAPE until the age of 22 would not be inconsistent with any Minnesota law or practice respecting the provision of public education in general to individuals over the age of 21.

63. Minn. Stat. 125A.03(b) is not a law that relates to the provision of public education in general. Rather, it applies solely to special education students. There is no comparable law or regulation of general applicability that imposes an age limit of 21 for the entitlement to public education.

64. Minnesota, as a matter of both law and practice, provides a public education to individuals over the age of 21. Minnesota law requires the school districts and education districts and other entities under the MDE's supervision and control to provide adults a free (or income-scaled, if over 21) public education, including elementary and secondary education. Minn. Stat. § 124D.52(1)(b). The MDE complies with this legislative mandate by supervising the provision of various ABE programs, including programs which facilitate the attainment of "a high school diploma or equivalency certificate." Minn. Stat. § 124D.52(1)(a).

65. These adult education programs are paid for by public funds and programs for the completion of elementary and secondary education are required to be provided free of tuition and registration fees "if under the age of 21 or unable to pay." Minn. Stat. § 124D.52(1)(b). According to the MDE website, ABE is "available statewide at no cost to adult learners." Minnesota Department of Education Website, Adult Basic Education and GED: https://education.mn.gov/mde/fam/abe/.

66. Thus, the default age limitation of the IDEA continues to apply because students without disabilities who are over the age of 21 in Minnesota can still pursue the equivalent of a public high school education through the MDE's ABE programs for free.

67. The MDE's refusal to provide Plaintiff K.O. and the members of the Plaintiff Class a FAPE violates the IDEA and Plaintiff K.O. and the members of the Plaintiff Class are entitled to a FAPE until they reach the age of 22.

68. The MDE has also violated 20 U.S.C. § 1407 by not ensuring that its regulations conform to the IDEA and 20 U.S.C. § 1412(11) by failing to ensure that the school districts under the MDE's supervision and control are meeting the requirements of 20 U.S.C. § 1412(a)(1)(B).

**WHEREFORE**, Plaintiffs pray that this Court:

(a) Find and declare that the MDE's refusal to provide Plaintiff K.O. and the members of the Plaintiff Class with a FAPE on account of their age violates the IDEA;

(b) Find and declare that, by this conduct, the MDE has violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);

(c) Find and declare that Minn. Stat.§125A.03(b) are invalid as contrary to the IDEA;

(d) Enjoin the MDE from terminating FAPE as to Plaintiff K.O. and the members of the Plaintiff Class who have not yet turned 22;

(e) Award compensatory education to Plaintiff K.O. and members of the Plaintiff Class to the extent they have already been unlawfully denied a FAPE;

(f) Award Plaintiffs their reasonable attorney's fees, costs, and expenses under any applicable law; and

(g) Grant such other and further relief as this Court deems just and proper.

August 12, 2021:  Minneapolis, Minnesota.

/s/ Daniel J. Stewart
Daniel J. Stewart (#0278919)
Kelsey Mize
Mid-Minnesota Legal Aid
Minnesota Disability Law Center
111 N. 5th Street, Suite 100
Minneapolis, MN 55403-1604

/s/ Jason H. Kim
JASON H. KIM
(to be admitted *pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608

Counsel for Plaintiffs

16