UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| K.O., by and through his parent and guardian J.O. on behalf of a class of those similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>WILLIE L. JETT, II, in his capacity as the Commissioner of the Minnesota Department of Education, State of Minnesota,<br><br>       Defendant. | Case No. 21-CV-1837 (PJS/DJF)<br><br><br><br><br>ORDER |

---

Sonja Dunnwald Peterson, MINNESOTA DISABILITY LAW CENTER, and Jason Kim, SCHNEIDER WALLACE COTTRELL KONECKY LLP, for plaintiff.

Alexander Robertson Sloan, Martha J. Casserly, and Joseph D. Weiner, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendant.

Plaintiff K.O. brought this class action against the Commissioner of the Minnesota Department of Education alleging that the State violated the Individuals with Disabilities Education Act ("IDEA"). The Court granted summary judgment for plaintiff and ordered the Commissioner to provide compensatory education to class members who turned 21 years of age prior to July 1, 2022. ECF No. 69. This matter is before the Court on plaintiff's motion for preliminary approval of the settlement that implements that Order. ECF No. 99.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    The Court has considered the proposed settlement of the compensatory

education claims asserted in the above-captioned action ("Settlement"),

stipulation attached as Exhibit "A" to the motion for approval.

Capitalized terms below shall have the same meaning as in the Stipulation

of Settlement.

2.    By Order dated September 29, 2022, ECF No. 43, the Court certified the

following Class:

> All children (a) who are receiving or received special
> instruction and services pursuant to the Individuals with
> Disabilities Education Act and Minnesota Special Instruction
> laws from a local educational agency in Minnesota, (b) who
> became 21 years old after July 1, 2019, or will become 21
> during the pendency of this action, (c) whose special
> instruction and services ended, or will end, on July 1 after
> their 21st birthday pursuant to Minn. Stat. § 125A.03(b),
> (d) whose special instruction and services ended, or will end,
> before they complete the graduation requirements to receive
> a regular high school diploma as defined in 34 C.F.R.
> 300.102(a)(3)(iv).

3.    Because the State of Minnesota amended Minn. Stat. § 125A.03(b) effective

July 1, 2023, this case is moot as to prospective relief. Therefore, only those

-2-

members of the Class who were terminated from special education prior to July 1, 2022, have any claims left to be resolved, i.e. claims for compensatory education. By Order dated August 25, 2023, the Court declared the prior version of Minn. Stat. § 125A.03(b) violated the Individuals with Disabilities Education Act insofar as denying special education to students with disabilities who had not received a regular high school diploma and who had not yet reached the age of 22 and ordered compensatory education to class members who turned 21 years of age prior to July 1, 2022. ECF No. 69.

4. The Settlement appears, upon preliminary review, to be fair, reasonable, and adequate as to the Class and the Court will likely be able to approve the Settlement under Fed. R. Civ. P. 23(e)(2), pending a Final Fairness Hearing, as provided for below.

5. The parties are directed to contact the Court to schedule a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) for the following purposes:

a. To determine whether the Settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

b.      To determine whether the Plan of Distribution attached as Exhibit

"B" to the Motion for Preliminary Approval of Class Action

Settlement is fair, reasonable, and adequate;

c.      To determine whether a final judgment should be entered

dismissing the claims of the Class with prejudice, as required by

the Stipulation of Settlement; and

d.      To rule upon other such matters as the Court may deem

appropriate.

6.      The Court approves the Class Notice attached as Exhibit "C" and the

Claim Form attached as Exhibit "D" to the Motion for Preliminary

Approval of Class Action Settlement.

7.      The Court appoints Continental DataLogix LLC as Claims Administrator

under the supervision of Class Counsel.

8.      The Court orders Defendant and Minnesota local education agencies to

disclose education records on Potential Members of the Class or Class

Members to the Claims Administrator as follows:

A.  The Minnesota State Department of Education ("MDE")
is hereby ordered to disclose to the Claims Administrator the
following data on Potential Members of the Class from the
MDE Minnesota Automated Reporting Student System
("MARSS") reporting system:

      (1)      Student's Name;
      (2)      Student's Birthdate;
      (3)      Student's last status end date; and
      (4)      Name of last School District enrolled and the last district's identifier

MDE is ordered to notify the Potential Members of the Class of the disclosure and the right to object through the following efforts:

      (1)      Posting a notice of the disclosure prominently on MDE's website;
      (2)      Including notice of the disclosure in MDE's newsletters to local educational agencies with a request that the local educational agencies spread the notice in ways they deem effective;
      (3)      Issuing a joint press release with Disability Law Center that includes notice of the disclosure;
      (4)      Providing a written notification of the disclosure to disability advocacy organizations for those organizations to distribute among the disability community in Minnesota;
      (5)      Providing a written notification of the disclosure to state government entities for those organizations to distribute among the disability community in Minnesota;
      (6)      Providing a written notification of the disclosure to county health and social services agencies to be posted in their offices.

Under the facts and circumstances in this case, these actions constitute a reasonable effort to notify the Potential Members of the Class of the disclosure. 34 C.F.R. § 99.31(a)(9)(ii).

B.  Local Education Agencies in Minnesota are hereby ordered to disclose contact information on Potential Members of the Class or their parents or guardians to the Claims Administrator upon request by the Claims Administrator.  Minn. Stat. § 13.32, subd. 3(b) and 34 C.F.R. § 99.31(a)(9)(i).

C.  Local Education Agencies in Minnesota are hereby ordered to disclose educational data necessary for the Claims Administrator to determine eligibility of Potential Class Members or compensatory education services to Class Members, upon request by the Claims Administrator.  Minn. Stat. § 13.32, subd. 3(b) and 34 C.F.R. § 99.31(a)(9)(i).

9.    The Claims Administrator shall mail the Class Notice and Claim Form to those Potential Class Members who have been identified through Defendant's records and make the Class Notice and Claim Form available to Potential Class Members on a settlement website or by calling a toll-free number.

10.    The Court finds that the mailing and distribution of the Class Notice and Claim Form as provided above fully satisfies the requirements of Fed. R. Civ. P. 23 and is the best notice practicable under the circumstances.

11.    Any Class Member who desires to request exclusion from the Class must submit a request for exclusion by the time and in the manner set forth in the Class Notice.

12.     Any objections to the Settlement and the Plan of Distribution shall be

heard, and any papers submitted in support of said objections shall be

received and considered by the Court at the Final Fairness Hearing

(unless, in its discretion, the Court shall direct otherwise), only if, on or

before a date to be specified in the Class Notice, persons making

objections give notice of their intention to appear, and file with the Court

and submit copies of such papers as they propose to submit in the manner

described in the Class Notice.

13.     In order to share in the Net Settlement Fund, a Class Member must

execute and submit a valid Claim Form in the manner provided in the

Class Notice and within such time as is stated in the Class Notice.

14.     A Claim Form filed by mail shall be deemed to have been submitted when

legibly postmarked by the U.S. Postal Service, if mailed by first-class mail,

registered mail, or certified mail, postage prepaid, addressed in

accordance with the instructions given in the Claim Form and all other

Claim Forms shall be deemed to have been submitted at the time they are

actually received by the Claims Administrator.

15.     Upon entry of the Final Judgment Order, the Class Representatives and all

Class Members, whether or not they submit a timely Claim, shall be

permanently enjoined and barred from asserting any claims (except

through the Claim procedures) against Defendant and Defendant's

Releasees arising from the Released Plaintiffs' Claims, and the Class

Representatives and all Class Members conclusively shall be deemed to

have released any and all such Released Plaintiffs' Claims.

16.     Upon the Effective Date of the Settlement, only persons who are

Authorized Claimants shall have rights in the distribution of the Net

Settlement Fund.

17.     The Fairness Hearing may, from time to time and without further notice to

Class Members, be continued or adjourned by order of the Court.

IT IS SO ORDERED.

Dated:  May 14, 2024                          s/Patrick J. Schiltz
                                              Patrick J. Schiltz, Chief Judge
                                              United States District Court