UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| K.O., by and through his parent and guardian J.O. on behalf of a class of those similarly situated, | Case No. 21-CV-1837 (PJS/DJF) |
| Plaintiff, | |
| v. | ORDER |
| WILLIE L. JETT, II, in his capacity as the Commissioner of the Minnesota Department of Education, State of Minnesota, | |
| Defendant. | |

Jason Kim, SCHNEIDER WALLACE COTTRELL KONECKY LLP, Sonja Dunnwald Peterson, MINNESOTA DISABILITY LAW CENTER, and Jessica Heiser, for plaintiff.

Alexander Robertson Sloan, Martha J. Casserly, and Joseph D. Weiner, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendant.

Plaintiff K.O. brought this class action against the Commissioner of the Minnesota Department of Education alleging that the State violated the Individuals with Disabilities Education Act ("IDEA"). The Court granted summary judgment for plaintiff and ordered the Commissioner to provide compensatory education to class members who turned 21 years of age prior to July 1, 2022. ECF No. 69. This matter is before the Court on plaintiff's motion for final approval of the settlement that implements that Order. ECF No. 115.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

THE CLASS SETTLEMENT IS HEREBY APPROVED AND IT IS ORDERED THAT:

1. The Court has considered the proposed settlement of the compensatory education claims asserted in the above-captioned action ("Settlement"), as memorialized in the Stipulation of Settlement (as revised), ECF No. 108 ("Stipulation"). Capitalized terms below shall have the same meaning as in the Stipulation.

2. By Order dated September 29, 2022, ECF No. 43, the Court certified the following Class:

   All children (a) who are receiving or received special instruction and services pursuant to the Individuals with Disabilities Education Act and Minnesota Special Instruction laws from a local educational agency in Minnesota, (b) who became 21 years old after July 1, 2019, or will become 21 during the pendency of this action, (c) whose special instruction and services ended, or will end, on July 1 after their 21st birthday pursuant to Minn. Stat. § 125A.03(b), (d) whose special instruction and services ended, or will end, before they complete the graduation requirements to receive a regular high school diploma as defined in 34 C.F.R. 300.102(a)(3)(iv).

3. Because the State of Minnesota amended Minn. Stat. § 125A.03(b) effective July 1, 2023, this case is moot as to prospective relief. Therefore, only those members of the Class who were terminated from special education

prior to July 1, 2022, have any claims left to be resolved, i.e. claims for compensatory education. By Order dated August 25, 2023, the Court declared the prior version of Minn. Stat. § 125A.03(b) violated the Individuals with Disabilities Education Act insofar as it denied special education to students with disabilities who had not received a regular high-school diploma and who had not yet reached the age of 22, and ordered compensatory education to class members who turned 21 years of age prior to July 1, 2022. ECF No. 69.

4. The Court held a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) on February 10, 2025, at 8:30 am. The Court now ORDERS that the Motion for Final Approval of Class Action Settlement is GRANTED pursuant to Rule 23(e), finding that:

   a. The Settlement is fair, reasonable, and adequate;

   b. The Plan of Distribution, ECF No. 101-1, is fair, reasonable, and adequate; and

   c. Final judgment should be entered dismissing the claims of the Class with prejudice, as required by the Stipulation.

5. The Court approved the Class Notice and Claim Form (as revised), ECF No. 112, and finds that the mailing and distribution of the Class Notice

and Claim Form fully satisfies the requirements of Fed. R. Civ. P. 23 and was the best notice practicable under the circumstances.

6. Except for those few Class Members who timely opted out of the class, the Class Representatives and all Class Members shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged all Released Plaintiffs' Claims against Defendant and Defendant's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against Defendant or any of the Defendant's Releasees.

7. This action is fully and finally dismissed with prejudice, and without costs (except as may be provided herein) to any Party as against any other.

8. Notwithstanding the above, nothing in the Final Judgment Order shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Final Judgment Order nor bar Plaintiffs from filing additional motions for attorneys' fees and expenses incurred from October 1, 2023, from the settlement fund.

9. The Court approves the Plan of Distribution and orders that distributions be made to Authorized Claimants only in accordance with that plan.

10. The Court reserves jurisdiction over: (a) implementation of the Settlement and any distribution to Authorized Claimants, pursuant to further orders of the Court; (b) disposition of the Settlement Fund; (c) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the Stipulation; and (d) the Parties, for the purpose of enforcing and administering the Stipulation.

Dated: February 10, 2025    s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court